MOBILE & O. R. CO. *v.* BOARD OF SUP'RS OF WAYNE COUNTY.

[87 South. 139, No. 21585.]

TAXATION. *Taxpayer not required to appeal from assessment until finally approved by State Tax Commission.*

Under chapter 135 Laws of 1918, the owner of property assessed for taxation may appeal from the assessment finally approved by the State Tax Commission, and he is not required to appeal until this time.

APPEAL from circuit court of Wayne county.

HON. R. W. HEIDELBERG, Judge.

Objections by the Mobile & Ohio Railroad Company against assessments heard by the board of supervisors of Wayne county. From a judgment of the circuit court dismissing the railroad company's appeal from the action of the board approving the assessments, such company appeals. Reversed and remanded.

*J. M. Boone,* for appellant.

This same question arose between the Mobile & Ohio Railroad Company and the board of supervisors of Wayne county in November, 1909, and was passed upon by this court, the report of which will be found in 99 Miss. 845.

It will be seen by a reading of the facts in this case on page 848 that at the September term of the board of supervisors at which time the taxes of the county were equalized, that the Mobile & Ohio Railroad Company had a representative of its land department before the board of supervisors during the whole session, but that the board was not informed as to the character of the land and at said meeting the said board approved the assessment roll, with this over-valuation thereon. This court held that it was a plain case of over-valuation, shown to be such, and that section 4312 gave a proper remedy. We contend that the present case is in exactly a similar attitude and that

the court erred in overruling our demurrer to the plea in this case.

In reviewing this statute this court in the case of *Board of Supervisors of Jefferson County* v. *Trexler Lumber Co.,* 69 So. 181, held: "This is a remedial statute and the decisions of our court are unanimous in giving to it a liberal construction."

In that same case this court, upon the suggestion of error, reported in 109 Miss. 372, affirmed the holding of this court in the case of *Board of Supervisors* v. *Mobile & Ohio Railroad Co.,* 99 Miss. 845, and holding that section 4312 gave a remedy for over-valuation, known to be such, although it might be assumed that that particular phraseology may not be found in the statute. These decisions were based upon the fact that there is a remedy for every wrong.

In the Mobile & Ohio case reported in 99 Miss., *supra,* no appeal was taken from the action of the board approving the assessment roll at its September term, but the independent petition filed at the Nevember term asking for this relief, so, in this case no appeal was perfected against the action of the board of supervisors at the July term, but a petition filed at the November term asking for this relief and if the action of the board at its September meeting in the case reported in 99 Miss., *supra,* was not such an adjudication by the board as to deprive a person of the right to the remedy provided by section 4312, then the action of the board at its July term, 1919, was not such an adjudication as would deprive appellant of the remedy provided by section 4312.

It will further be observed that this holding in the case of *Mobile & Ohio R. R. Co.* v. *Wayne County,* 99 Miss. 845, that the approval of the assessment roll in September by the board was not such an adjudication as deprived the Mobile & Ohio Company from proceeding under section 4312, although it did not appeal from the order approving the assessment roll at the September term, was rendered at a time when under the law, the assessment made by the

board of supervisors at a September meeting was clearly a final order from which an appeal could have been taken. But, we contend now that under the present system of assessment, a final assessment could not be made until after the state tax commission had passed upon the assessment roll.

*L. K. Saul* and *W. J. Pack*, for appellee.

There is but one question presented to the court for discussion. Was the order of the board of supervisors at the July meeting such an order as would finally preclude appellant from raising it again?

We respectfully submit that section 4312 of the Code of 1906, sec. 5946, Hemingway's Code, was never intended to apply to a case like this one. The facts of this case clearly show that this case does not come within any of the provisions that this section seeks to remedy. Appellant contends, however, that this record shows a case of an over-valuation known to be such. "If there were an over-valuation it existed at the July meeting, and appellant's petition or protest shows conclusively that this very question of an over-valuation was presented to the board of supervisors which acted upon the protest deciding adversely to appellant. The only remedy open to appellant was to appeal from this order by filing its bond within five days as provided under section 81 of the Code of 1906, being chapter 120 of the Laws of 1918. The order of the board of supervisors passed at the July, 1919, meeting is a final judgment and was rendered with full authority vested in the board. It was based upon all of the prerequisites essential to making a final and conclusive judgment. The board had jurisdiction of the subject-matter. It was the time and place fixed by law for hearing the very protest filed by appellant. The issue raised by appellant's protest was identically the same issue that it sought to raise when the petition in this case was filed at the November meeting under section 4312 of the Code. This

section affords remedy only for the wrong suffered, or that might be sustained, under the different cases mentioned herein, but surely it could not be used as authority by which a final judgment could be collaterally attacked.

Every case that has been before this court arising under section 4312 presented just such an error as this section was intended to remedy. In the case of *Wayne County* v. *Mobile & Ohio Railroad,* 99 Miss. 845, 56 So. 173, the statement of facts set out in the opinion shows that it was conceded upon the hearing that there was an over-valuation of the railroad's property.

Appellant contends, however, that the *Wayne County case, supra,* is applicable for the further reason that the agreed statement of facts shows that the railroad had a representative of its land department before the board of supervisors when it met in September to equalize assessments. The writers of this agreement, however, were careful to incorporate in said statement of facts the significant statement in referring to the presence of this representative; but the board was not informed as to the character of the lands described in exhibit "C." It is very patent that the board of supervisors in the case relied upon by appellant "agreed" itself out of court.

In the case of *Board of Supervisors of Jefferson Davis County v. Trexler Lumber Company,* 69 So. 191, also relied upon by appellant, the agreed statement of facts shows that: "On February 1, 1914, there was no timber on the land" in controversy, but the taxpayer had been assessed for that year with a large quantity of standing timber and the timber was, therefore, assessed by error. This court held that section 4312 of the Code applied."

Neither of these cases, however, were decisive of the point raised here. If the question as to whether the timber had existed on the land had been before the board at the July meeting raised by protest of the taxpayer and there had been no appeal from the decision of the board of supervisors, these cases would have been applicable. If appellant had not appeared at all at the July meeting and had

filed no petition and raised no issue as to the existence of the timber on said lands, it could be heard to complain at any subsequent meeting of the board of supervisors but having appeared before the board with its written protest submitting the proof and raising the identical issue as it afterwards sought to raise, it had but one remedy from the adverse decision of the board, and that was to appeal by filing its bond within five days from the adjournment of the July meeting, and having failed to do so, this judgment or order of the board, we respectfully submit, becomes final and precludes appellant from thereafter attacking it in a collateral proceeding.

For these reasons we respectfully submit that the case should be affirmed.

SAM C. COOK, P J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Wayne county dismissing the railroad's appeal to the circuit court from the action of the board of supervisors at its September meeting, 1919, when the board of supervisors finally equalized and completed the assessment rolls.

A large quantity of timber on appellant's lands lying in Wayne county, Miss., was assessed against the appellant by the county tax assessor, and the appellant filed its objections thereto, as required by section 7 of chapter 135, Laws of 1918, and was granted a hearing thereon, at the July meeting. The board approved the assessment rolls without granting the appellant any relief, and ordered that the recapitulations be transmitted to the State Tax Commission, as required by section 8. No specific order or reference in the general order was made to appellant's objections. The objections remained on file and were preserved with the roll. When the board met at the September term the instructions from the State Tax Commission provided for in section 9 of the statute had not been received, and the board ordered an adjourned meeting for the 18th day of September for the express purpose of re-

vising the rolls in compliance with the instructions of the State Tax Commission, as required by section 9. At that meeting, although its objections filed at the July meeting were on file, the appellant took the precaution of filing objections anew, making the objections filed at the July meeting a part of its petition to this adjourned meeting of September 18th. The board of supervisors specifically passed upon the objections so filed and denied the relief sought, and approved the assessment of timber against appellant which had been made by the tax assessor.

The board spread upon its minutes its order of approval of the rolls, and thereupon within five days from the adjournment of the meeting appellant appealed to the circuit court, filing its appeal bond on September 20, 1919.

At the January term of the circuit court of Wayne county, the county filed a special plea of *res adjudicata,* that the general order of the board of supervisors at its July meeting approving the roll was a final adjudication of the protests and objections of the Mobile & Ohio Railroad Company which were then on file. To this plea the Mobile & Ohio Railroad Company demurred on the grounds: (1) That the general order of the board of supervisors at the July meeting was not a final order with reference to the assessment roll so as to authorize an appeal therefrom; and (2) that no special adjudication of the protests and objections of the Mobile & Ohio Railroad Company was made by the board at its July meeting, but that they lay in abeyance until its final hearing after instructions were received under section 9 of the statute from the State Tax Commission; and (3) that the Mobile & Ohio Railroad Company had a right to appeal after the rolls were finally completed by the board of supervisors in accordance with instructions of the Tax Commission under section 9, as this was in truth and in fact the only final approval of the assessment roll by the board.

This demurrer was overruled and the cause dismissed, and hence the appeal to this court.

This appeal presents a construction of chapter 135, Laws of 1918. The question for our decision is: When do the assessment rolls become a final judgment against the owner of lands? Must the owner of taxable property appeal from the action of the board of supervisors equalizing the assessment, or must he await the action of the State Tax Commission? In other words, when is the final judgment rendered against the property of the taxpayer?

It seems to us that the statutory scheme makes the State Tax Commission the final arbiter, and the taxpayer must await the final judgment of the Commission. Then, and not until then, may the taxpayer appeal to the court. The State Tax Commission may raise or lower the assessment made by the assessor and approved by the board of supervisors, or, as in this instance, the Commission may approve the action of the county board of supervisors.

We believe that the lower court was in error in dismissing the appeal by sustaining the demurrer. The appellant was entitled to a hearing.

*Reversed and remanded.*