EVANS v. BOARD OF SUPERVISORS, CALHOUN COUNTY.

(In Banc.   Dec. 20, 1941.)

[5 So. (2d) 224.   No. 34768.]

Creekmore & Creekmore, of Jackson, and **W. J. Evans**, of Calhoun City, for appellant.

**Patterson & Patterson,** of Calhoun City, for appellee.

Argued orally by **Wade H. Creekmore**, for appellant.

**Roberds, J.**, delivered the opinion of the court.

This appeal is from an order of the circuit court dismissing, as prematurely taken, Evans' appeal to that court from the action of the supervisors of Calhoun County overruling his objection to the assessment of his lands in that county.

Appellant presented at the August, 1940, meeting of the supervisors a written objection to the assessment of his lands, the main grounds of which were (1) the lands were not assessed to the true owner; (2) a part had been doubly assessed; (3) the valuation was too high; (4) that the acreage in cultivation was less and that in woods was more than that enumerated in the assessment; and (5) that the improvements, as assessed, either did not exist, or were much less in kind and value than specified.

No order dealing specifically with this objection was made by the board but it did enter at that meeting a general order approving the assessment of his lands as originally made, which, in effect, overruled the objection.

A recapitulation of the assessment of property in that county, duly certified, was then sent to the State Tax Commission, as required by Section 3175, Code of 1930.

On September 18, 1940, the commission adopted an order equalizing the assessment of the classes of property in that county, as provided in Sections 3176 and 3177, Code of 1930. It ordered an increase in values of certain.

.classes of personal property but approved without change the assessment of real estate as made by the supervisors at the August meeting.

At a special meeting of the board of supervisors held October 1, 1940, it spread upon its minutes a copy of the order of the commission, with the certificate thereto, and then, by order, accepted the equalization as made by the commission, ordered the increases in values of personal property as directed and then approved the assessment as equalized by the Tax Commission, and ordered that copies of the tax rolls be made and that one be sent to the Commission, as provided in Section 3181, Code of 1930. This was done.

On December 10, 1940, the commission, by order on its minutes, approved, without change, the roll which had been sent it, and at a meeting of the supervisors held December 14, 1940, they spread upon their minutes this order of the commission, with the certificate thereto, and adopted a further order approving finally the assessment of real and personal property in that county as fixed by the commission in its order of December 10th.

Evans, within the ten days of the adjournment of the October meeting, prosecuted his appeal to the circuit court. The learned trial judge evidently dismissed the appeal as premature on the theory that the appeal did not lie until after the final action of the supervisors on December 14th.

The question, therefore, is whether this appeal was properly taken.

The effect of the holding in the cases of Mobile & O. R. Co. v. Board of Supervisors of Wayne County, 124 Miss. 655, 87 So. 139; and Moller-Vandenboom Lumber Co. v. Board of Supervisors of Attala County, 135 Miss. 249, 99 So. 823; Wilkinson County v. Foster Creek Lumber & Mfg. Co., 135 Miss. 616, 100 So. 2; and Marathon Lbr. Co. v. State et al., 139 Miss. 125, 103 So. 798, is that such appeals by individuals may be taken following the action of the supervisors approving the assessment on instructions

from the State Tax Commission after its equalization based on an examination of the recapitulations pursuant to Sections 3175 and 3176, Code of 1930, which, in the case at bar, was the October meeting of the supervisors.

State ex rel. Knox, Atty.-Gen., v. Wyoming Mfg. Co., 138 Miss. 249, 103 So. 11, held likewise as to appeals by the Attorney-General, citing as authority therefor the Moller and Wilkinson County cases, supra.

The case of Edward Hines Yellow Pine Trustees v. State ex rel., 146 Miss. 101, 112 So. 12, 13, reviewed the foregoing cases, and without disapproving or overruling them as to the rule of appeals by individuals, held that the appeal by the Attorney-General might be taken following the final action of the supervisors upon receipt of the certificate from the State Tax Commission of its final approval of the tax roll, which action of the supervisors, in the case at bar, was December 14th. This case also said ''A similar right of appeal is given the taxpayer.''

We now deduce from existing statutes and decided cases the rules applicable both to the taxpayer and the sovereign in matters of appeal from tax assessments:

1. No appeal will lie prior to the action of the supervisors upon the equalization by the State Tax Commission after its examination of the recapitulations provided for in Sections 3175, 3176 and 3177, Code of 1930.

2. An appeal does lie, within the time required, following that action by the supervisors.

3. Or such appeal need not be taken following such action but may be taken following the final action of the supervisors upon receipt by them of the certificate from the Tax Commission showing its receipt of and action upon the tax roll, under Section 3183, Code of 1930.

4. And if the appeal has been prosecuted following the action of the supervisors upon the equalization by the commission, pursuant to said Sections 3175, 3176 and 3177, but the commission, after receipt of the roll, shall make further changes therein, as provided in said Section 3183, the aggrieved party may prosecute a further appeal

following the meeting of the supervisors finally approving such changes.

It is a wise and just policy which seeks to have cases decided upon their merits, within prescribed rules of law. Neither the taxpayer nor the sovereign should be put to the gamble of seizing at just the right moment the shuttlecock as it moves back and forth between the supervisors and the commission in an effort to weave the tax fabric of the state.

It is not necessary for us to determine the present powers of the Tax Commission to order further changes in the assessments after it has received copies of the rolls.

Reversed and remanded.