TERRY *v.* MAYO, SUPERINTENDENT OF EDUCATION.

Division A. Apr. 16, 1951.

No. 37872 (52 So. (2d) 13)

Morse, Billups & Morse, for appellant.

Robertson & Robertson, for appellee.

Lee, J.

On March 31, 1945, W. D. Terry leased from the proper authorities of Hinds County, Mississippi, 360 acres of Sixteenth Section lands. The lease was to run for· 4¾ years, expiring December 31, 1949. The rent was to be paid in middling cotton, 6,000 pounds for 1945, and 7,500 pounds for each of the remaining 4 years. Notes to that

effect were executed. The maturity dates were October 1 of each year. The rent for 1945 was paid, but default was made in the subsequent payments. In October 1948, proceedings were instituted by Robert M. Mayo, the Superintendent of Education, to collect the past due rent. As a result of the injunction and receivership, which tied up the agricultural products, Terry paid the rent for 1948. The cause then proceeded to judgment for the rent in arrears for 1946 and 1947. From the decree entered, Terry appeals.

The appellant assigns two alleged errors: (1) The Hinds County authorities could not lease Sixteenth Section lands for lint cotton; and (2) his lease could not be cancelled without notice.

The latter proposition was not involved in the trial of this case in the court below. The decree appealed from made no adjudication thereon. We review only such matters as were considered by the lower court.

The only question then for decision is whether or not the authorities could lease such land for lint cotton.

Section 908, Code 1942, gives to every lessor of land to secure the payment of rent a lien on the agricultural products of the leased premises. The county has a like remedy for the collection of its rent on Sixteenth Section land; and, in leasing such lands, the superintendent of education and the board of supervisors are vested with broad powers and a wide discretion. Section 6609, Code 1942, now repealed but substantially reenacted in Section 7, Chapter 443, Laws of 1946.

Cotton has been, and is now, the chief commodity of our state. It has often been the medium of sale, exchange and barter. It is a matter of common knowledge that, in many of the old deeds, the recited consideration was a certain number of bales or pounds of lint cotton. Besides, the debts which were secured by deeds of trust were likewise payable in cotton. Even now we have a widespread custom of paying as rent ¼ of the cotton. Such

division is regarded as equitable between the landlord and tenant.

In Rankin v. Sanders, 6 How. 52, it was held that ██ a written promise to pay to the payee a certain sum on a certain day, in cotton, at a certain price, was a promissory note. In Hardeman, et al. v. Cowan, 10 Smedes & M. 486, the notes for the purchase money were payable in cotton. This Court there said: "The notes, although payable in cotton, became absolute for the payment of money, upon the failure to deliver the cotton at the day."

██ "The effect of a stipulation for payment of an instrument in something other than money renders it nonnegotiable, . . ., *but the maker is obligated to pay in accordance with the terms of the instrument.*" 10 C. J. S., Bills and Notes, 524b, p. 432. (Emphasis supplied.) See also 7 Am. Jur. 857.

██ It is no concern here that the notes were not negotiable. The suit was between the original parties. In such case, when the cotton was not delivered on the due date, the notes were enforceable for its value at that time in money. While the notes were not negotiable, they were good as between the parties thereto.

Affirmed.