665 So.2d 878 (1995)
Kane DITTO, Mayor and City of Jackson, Mississippi
v.
HINDS COUNTY, MISSISSIPPI and Mississippi Bar Foundation, Inc.
No. 92-CA-00635-SCT.
Supreme Court of Mississippi.
November 22, 1995.
*879 Sarah O'Reilly-Evans, Jackson; Leyser Q. Morris, Jackson; Charles T. Rubisoff, Jackson, for Appellants.
Pat H. Scanlon, Scanlon Sessums Parker & Dallas, Jackson; Sean Wesley Ellis, Young Williams Henderson & Fuselier, Jackson; Ruma Haque, Jackson, for Appellees.
Before PRATHER, P.J., and BANKS and McRAE, JJ.
McRAE, Justice, for the Court:
This case involves an appeal from the decision of the Circuit Court of the First Judicial District of Hinds County to dismiss the City of Jackson's petition to have the Mississippi Bar Center, a parcel of real property valued at approximately $1.45 million with furniture and office equipment worth $270,812, removed from its tax exempt status per an agreement with the County. The circuit court concluded that the City of Jackson's appeal from the Hinds County Board of Supervisors was prematurely filed. Because we decline to reach the merits of the case, we are presented with the sole issue of whether the municipality timely appealed to the circuit court the tax assessment decision made by the Board of Supervisors. Pursuant to Miss. Code Ann. § 11-51-77 (1972), we find that the November 20, 1991, appeal by the City of Jackson was timely filed in the circuit court. Therefore, this case is reversed and remanded for a trial on the merits.
The Mississippi Bar Foundation ("Foundation"), a nonprofit corporation organized under the laws of the state of Mississippi, is the exclusive owner of the Mississippi Bar Center, a parcel of real property which houses the Mississippi Bar. The Mississippi Bar has in turn set up the Mississippi Pro Bono Project and the Commission on Continuing Legal Education which are also located in the Bar Center. The organizations which share office space in the Bar Center make rental payments to the Foundation pursuant to an agreement labeled as an "Expense Sharing Agreement." Each organization pays the Foundation an amount of money commensurate with the percentage of the building which is occupied by its own office space. The Foundation admits it uses a portion of the rental income to pay the mortgage on the building.
The City of Jackson, pursuant to its desire to tax the Bar Center, filed a petition with the Board of Supervisors on August 1, 1991, protesting that the County had placed the Bar Center on a tax exempt status. The Board met on August 19, 1991, and voted in favor of the Foundation's property tax exemption after hearing argument from both sides. On November 12, 1991, the Board entered on its minutes its approval of the State Tax Commission's Order on the recapitulation of assessments. The Board gave its final approval of the Foundation's tax exempt status on January 6, 1992, after receiving the certificate from the State Tax Commission approving the tax rolls.
Prior to final approval by the Board, the City of Jackson had already filed a petition in the Circuit Court of Hinds County on November 20, 1991, appealing the Board's decision. On March 13, 1992, the Foundation filed a motion for summary judgment arguing that all property owned by it was tax exempt pursuant to Miss. Code Ann. § 27-31-1 (1972) which exempts certain property owned by nonprofit organizations. At the same time, the Foundation filed and forwarded to the City a set of interrogatories and a request for admissions which were never answered. A hearing on the motion for summary judgment was held on April 3, 1992, but the circuit court never reached the merits of the case. The trial court instead entered an Order sua sponte on June 1, 1992, dismissing the City's appeal finding that the appeal was taken prematurely.
The City appeals to this Court arguing that its case was improperly dismissed on procedural grounds. In a cross-appeal, the Bar Foundation requests that this Court reach the merits of this case and issue a ruling on whether the Foundation should keep its exemption from ad valorem taxes under Miss. Code Ann. § 27-31-1 (Supp. 1992); however, it refuses to waive the procedural dismissal decision of the circuit court. The City remains reluctant to have this Court issue a ruling on the merits of this *880 case although it contends that the Foundation can not maintain its tax exempt status based upon the record before this Court. The City contends that they are entitled to complete discovery, and to have a trial on the merits since the trial court dismissed the case solely on procedural grounds.
In addition to concerns expressed by the City, we remain bound by the well established rule that this Court can only review matters on appeal as were considered by the lower court. Terry v. Superintendent of Educ., 211 Miss. 462, 52 So.2d 13 (1951). For this reason, the issue of whether the circuit court erred in holding that the City's November 20, 1991 appeal was not timely made is dispositive of this case. This Court also refuses to deem admitted the unanswered discovery items which were struck from the record by the trial court since the circuit court never reached the merits of the case.
As a preliminary matter, the Foundation strongly objects to the reference in the City's brief to the certified minutes of the November 12, 1991, Board meeting because copies of these minutes were submitted for the first time in the City's brief to this Court. There is much dispute over whether the certified minutes of this meeting should be included in the record.[1] The Foundation contends that this Court may not consider the November 12, 1991, minutes for purposes of resolving this appeal. It should be noted that the source of this dispute is that the trial court, on its own initiative, dismissed the case on procedural grounds without either party having raised the timely appeal issue.
This Court "may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record." Shelton v. Kindred, 279 So.2d 642, 644 (Miss. 1973); see St. Louis Fire & Marine Ins. Co. v. Lewis, 230 So.2d 580, 583 (Miss. 1970) (statements of facts found within briefs of counsel will not be considered unless also shown by record.); Moore v. White, 161 Miss. 390, 137 So. 99, 100 (1931) (Court will not act upon material matters which chancellor did not have opportunity to judge). It was clearly the City's duty to make sure the record contained any materials it wanted this Court to review in making its decision.
The City contends that the minutes of the November 12, 1991, meeting were properly included in the trial record by the fact that the trial judge took judicial notice of the contents of all the minutes from the Board of Supervisors including the November 12, 1991, minutes. The trial court Opinion and Order stated,
[i]n order to determine if this appeal is timely, it is important to determine when the Board of Supervisors met to correct the assessment rolls, or to approve the rolls. Since the minutes of the Board of Supervisors and the State Tax Commission are public records, and since no party sought to raise this point, the Court has reviewed these minutes and takes judicial notice of their contents.
M.R.E. 201 governs the situations in which the trial court may take judicial notice of adjudicative facts.
(b) Kinds of Facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *881 M.R.E. 201(b). A trial court is permitted to take judicial notice without request from either party, and the facts noticed are conclusive in any civil trial. M.R.E. 201(c), (g).
The facts judicially noticed in the case at hand fall within the second category as they were easily ascertainable through certified public records. The record demonstrates that the trial judge did not delineate between certain minutes by excluding some and accepting others. The trial judge took notice of all the minutes of the State Tax Commission and the Board of Supervisors because the court raised the issue of timeliness on its own.
The Foundation cites State v. Cummings, 203 Miss. 583, 591, 35 So.2d 636, 639 (1948), for the proposition that this Court will not take judicial "notice of a fact, evidenced by a receipt filed here for the first time." See Martin v. McGraw, 249 Miss. 334, 160 So.2d 89, 90 (1964) (Court will not take judicial notice of facts in another proceeding for first time on appeal). This case is distinguished because the lower court in Cummings had not previously taken judicial notice as it had in the case at hand. Judicial notice is not taken for the first time on appeal in the case sub judice since it already occurred in the lower court. The lower court's judicial notice has designated all of the minutes into the trial record and placed them properly before this court. Therefore, this Court accepts as part of the record the certified minutes of the November 12, 1991, Board meeting.[2]
The minutes from the November 12, 1991, meeting of the Board of Supervisors stated as follows:
RESOLVED to approve the Order of the State Tax Commission on the Recapitulation of Assessments of Real and Personal Property. Document is affixed hereto and incorporated herein.
Accepting the November 12, 1991, minutes as part of the record through the trial court's judicial notice, this Court must determine whether that was a proper date upon which the City should have initiated its appeal which was ultimately filed on November 20, 1991. A review of the chain of events leading to the approval of the assessment rolls is necessary to an understanding of this case:

 August 2, 1991 City filed petition with the Board to change
 assessment
 August 19, 1991 Board met and denied City's petition
 October 9, 1991 Board filed recapitulation with the State
 Tax Commission
 November 4, 1991 Board received Order of the State Tax
 Commission approving recapitulation of
 assessment rolls
 November 12, 1991 Board approved the Order of the State Tax
 Commission accepting the recapitulation of
 assessments
 November 20, 1991 City files appeal with the circuit court
 December 12, 1991 State Tax Commission approves final rolls
 January 6, 1992 Board approves the final rolls as approved
 by the Commission

Reviewing these dates, the circuit court found that Miss. Code Ann. § 27-35-119[3] did not govern the timeliness issue because that section applied only to individual "taxpayers" instead of municipal authorities as in the case at hand. The trial court found that Miss. Code Ann. § 11-51-77 (1972) governed the time in which the City was required to appeal a decision by the Board on the assessment of taxes. It provides as follows:
The county attorney, the district attorney, or the attorney general, if the state, county or municipality be aggrieved by a decision of the board of supervisors or the municipal authorities of a city, town or village as to the assessment of taxes, may, within twenty days after the adjournment *882 of the meeting at which such decision is made, or within twenty days after the adjournment of the meeting at which the assessment rolls are corrected in accordance with the instructions of the state tax commission, or within twenty days after the adjournment of the meeting of the board of supervisors at which the approval of the roll by the state tax commission is entered, appeal to the circuit court of the county in like manner as in the case of any person aggrieved as hereinbefore provided, except no bond shall be required, and such appeal may be otherwise governed by the provisions of this section.
Miss. Code Ann. § 11-51-77 (1972). The court determined that a valid appeal existed only within a twenty day period following the date the Board gave final approval to the State Tax Commission rolls, January 6, 1992. As a result, the court dismissed the City's suit finding that the November 20, 1991, appeal by the City was premature.
In Madison County v. Frazier, 78 Miss. 880, 881-82, 29 So. 765, 765-66 (1901), the Court held that an appeal from an order of the Board of Supervisors does not lie until there has been final approval of the assessment rolls by the Board. Id. Furthermore, it has been stated that the Board may not enter a final order as to the assessments until after the meeting of the board "at which the instructions of the State Tax Commission in reference to horizontal increases and decreases in the assessments are required to be carried out by the board." Wilkinson County v. Foster Creek Lumber & Mfg., 135 Miss. 616, 620, 100 So. 2, 3 (1924); see Edward Hines Yellow Pine Trustees v. State ex rel. Knox, 146 Miss. 101, 106, 112 So. 12 (1927) (concluding that appeal lies only after Board enters on its minutes the order of the State Tax Commission giving final approval of the assessment roll); State ex. rel. Knox v. Wyoming Mfg. Co., 138 Miss. 249, 267, 103 So. 11, 13 (1925) (appeal lies after order of State Tax Commission approving the rolls is entered). Based on this line of authorities, the Foundation contends that the trial judge properly found that the City could only appeal within the twenty day period following January 6, 1992.
This Court finds to the contrary. Miss. Code Ann. § 11-51-77 (1972) lists three events which are sufficient to trigger the time within which a municipality must file its appeal of the Board's decision: 1) twenty days after the adjournment of the meeting at which the decision is made; 2) twenty days after the adjournment of the meeting at which the assessment rolls are corrected in accordance with the instructions of the state tax commission; or 3) twenty days after the adjournment of the meeting of the board of supervisors at which the approval of the roll by the state tax commission is entered.
In Evans v. Board of Supervisors, 192 Miss. 188, 5 So.2d 224 (1941), this Court faced a factual scenario similar to the case at hand even though it involved an individual taxpayer appeal instead of an appeal by a municipality. In Evans, the taxpayer's appeal of the Board's decision was also dismissed by the circuit court for not being timely made. Id. at 193, 5 So.2d at 225. The circuit court concluded that the appeal was premature because it was filed several days after the Board entered the State Tax Commission's order approving the assessment rolls, instead of waiting until the Board entered the Commission's final certification. Id. In the case sub judice, the City likewise filed its appeal within twenty days following the order approving the assessment rolls instead of waiting until the Board entered the Commission's final certification. In reversing the trial court's dismissal of the appeal as premature in Evans, the Court concluded as follows:
We now deduce from existing statutes and decided cases the rules applicable both to the taxpayer and the sovereign in matters of appeal from tax assessments:
1. No appeal will lie prior to the action of the supervisors upon the equalization by the State Tax Commission after its examination of the recapitulations provided for in Sections 3175, 3176 and 3177, Code of 1930.
2. An appeal does lie, within the time required, following that action by the supervisors.
3. Or such appeal need not be taken following such action but may be taken following *883 the final action of the supervisors upon receipt by them of the certificate from the Tax Commission showing its receipt of and action upon the tax roll, under Section 3183, Code of 1930.
4. And if the appeal has been prosecuted following the action of the supervisors upon the equalization by the Commission ... but the Commission, after receipt of the roll, shall make further changes therein ... the aggrieved party may prosecute a further appeal following the meeting of the supervisors finally approving such changes.
Evans, 192 Miss. at 194-95, 5 So.2d at 226.
In promulgating these rules which we find applicable to the present case, the Evans Court stated the following reason for permitting a liberal interpretation of the statute governing tax assessment appeals:
It is a wise and just policy which seeks to have cases decided upon their merits, within prescribed rules of law. Neither the taxpayer nor the sovereign should be put to the gamble of seizing at just the right moment the shuttlecock as it moves back and forth between the supervisors and the Commission in an effort to weave the tax fabric of the State.
Id.
While Evans did involve an individual taxpayer appeal under Miss. Code Ann. § 27-35-119 instead of an appeal by a sovereign under Miss. Code Ann. § 11-51-77, it is not distinguishable on this basis. The Evans Court expressly stated that its ruling was applicable to individuals and sovereigns alike. The Evans Court even cited the Edward Hines decision before announcing its holding. The Edward Hines decision concerned an appeal by a sovereign under the predecessor statute to Miss. Code Ann. § 11-51-77. The Foundation does not assert any persuasive reason that the holding of Evans should not be equally applied to sovereigns as well as taxpayers. Following the express mandates of Evans, this Court concludes that the City was permitted to file an appeal within twenty days after November 12, 1991.
While we agree with the theory that a valid appeal existed after the final action by the Board on January 6, 1992, the statute equally permitted an appeal within twenty (20) days of the Board's November 12, 1991, receipt of the Order of the State Tax Commission after its examination of the recapitulation of the assessment tax rolls. The City of Jackson timely appealed to the circuit court on November 20, 1991. However, we deny the Appellee's cross-appeal and do not reach the issue of whether the Bar Center is entitled to the property tax exemption pursuant to Miss. Code Ann. § 11-51-77 (1972). Consequently, this case is reversed and remanded to the Circuit Court of the First Judicial District of Hinds County for a trial on the merits.
ON DIRECT APPEAL JUDGMENT IS REVERSED AND REMANDED.
ON CROSS APPEAL JUDGMENT IS DISMISSED.
PRATHER, P.J., and PITTMAN, BANKS and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
HAWKINS, C.J., and SULLIVAN and ROBERTS, JJ., not participating.
NOTES
[1] The Foundation filed with this Court a motion to strike the exhibits in the City's brief containing the certified minutes of the November 12, 1991, Board meeting on the ground that the minutes had not been included in the trial record. The City brought a motion ore tenus and obtained a clarification order from the trial judge in an ex parte hearing without notice to the Foundation. The clarification order from the trial court stated that the record of minutes from the November 12, 1991, Board meeting should have been included in the record.

The City then requested to supplement the record with the clarification order to which the Foundation strongly objected. The Foundation has good reason to object to the attempts by the City to supplement the record with this order. The ex parte hearing was clearly improper, and counsel for the City is admonished for holding such a hearing without any notice to counsel from the Foundation. However, the motion to strike is overruled by a separate order.
[2] The Foundation did not object to the authenticity of the certified minutes which were supplemented by the City. Therefore, this Court will take these certified documents for face value.
[3] Miss. Code Ann. § 27-35-119 (1972) states:

Any taxpayer who feels aggrieved at the action of the board of supervisors in equalizing his assessments shall have the right of appeal to the circuit court in the manner provided by law, within ten days after the adjournment of the meeting of the board of supervisors, at which the approval of the roll by the state tax commission is entered.