PAYNE, J.,
for the Court:
PROCEDURAL POSTURE AND ISSUES PRESENTED
¶ 1. This case is before the Court challenging the chancellor’s action in dismissing with prejudice Michael D. Smith’s petition to establish paternity as a sanction for Smith’s failure to comply with an order of the trial court. On appeal, Smith raises the following four issues for our consideration that we take verbatim from his brief: 1) whether Michael David Smith is the natural son of Joe D. Hunter, deceased, 2) whether the trial court committed reversible error in denying the telephone testimony of Michael David Smith’s mother, Nellie Mae Smith Clewis, 3) whether Michael D. Hunter is the rightful owner of the 1984 Cadillac Deville which was a gift to him by the decedent, Joe D. Hunter, before the death of the decedent, and 4) whether the trial court abused its discretion when it dismissed with prejudice Michael David Smith’s petition to establish heirship and other relief as a sanction for his failure to return the 1984 Cadillac De-ville to the administratrix of the estate of Joe D. Hunter pursuant to the trial court’s order.
¶2. After reviewing the record, briefs, and applicable precedents, we decline to reach Issue I, we affirm as to Issue II and Issue III, and we reverse and remand as to Issue IV.
FACTS
¶ 3. The action flowed out of the administration of the estate of the deceased, Joe *442 D. Hunter, who died intestate on May 29, 1995. On June 7,1995, Ora Mae Hunter, a surviving sibling of the deceased, filed a petition in the Clarke County Chancery Court to be appointed administratrix of the deceased’s estate and for issuance of letters of administration. In this petition, Ms. Hunter acknowledged that Michael D. Smith, a resident of California, claimed to be the illegitimate issue of the deceased, but he had offered no supporting proof to that effect. The chancellor issued letters of administration on that same day after Ms. Hunter posted a $13,000 bond.
¶ 4. On July 27, 1995, Michael D. Smith filed his petition to establish heirship and remove administrator, claiming that he was the natural son of the deceased, and the deceased had acknowledged him as his issue for over forty years. On September 15, 1995, Smith filed another petition to establish heirship on the same basis as the July 27, 1995 filing. On September 19, 1995, Ms. Hunter filed her response to Smith’s motion, denying his substantive allegations and alleging that the deceased never acknowledged any kinship with Smith.
¶ 5. Subsequent to Ms. Hunter’s answer, discovery began in earnest. On November 8, 1995, Smith filed a motion to remove Ms. Hunter as administratrix for failure to file an inventory of the estate, along with a motion seeking a court order for a blood and chromosome test[1] for him and a sibling of the deceased in order to establish his heirship. After three agreed orders to continue and the taking of additional discovery, Smith filed a motion seeking the chancellor’s order allowing the taking of his elderly mother’s, Nellie Mae Smith Clewis’s, testimony by telephonic device on October 9, 1996. Ms. Clewis was ill and resided in Arizona and was unable to travel to Mississippi. After a hearing on this motion, the chancellor overruled Smith’s motion. In addition, Ms. Hunter, in her capacity as administratrix of the estate, filed a motion for authority to pay insurance and related expenses of the estate as well as a motion to compel Smith to return property belonging to the estate of Joe D. Hunter. After the chancellor heard and overruled Smith’s motion to take Ms. Cle-wis’s testimony by telephone, he held a hearing on Ms. Hunter’s motion to compel. Upon taking testimony, the chancellor ruled that Smith was in possession of certain property that belonged to the estate, specifically two automobiles. The chancellor ordered Smith to return a 1972 Cadillac located in Mississippi to Ms. Hunter by October 10, 1996. A second vehicle, a 1984 Cadillac located in California, was ordered returned to Ms. Hunter by November 1, 1996, or Smith had the option of posting a $5,000 performance bond in lieu of returning the vehicle. After Smith failed to comply with the court order, Ms. Hunter filed a motion for contempt against Smith on December 2,1996. Prior to this filing, both of Smith’s attorneys filed motions with the trial judge seeking permission to withdraw as Smith’s counsel in this matter because of his uncooperativeness and his failure to stay in contact with them.
¶ 6. On December 11, 1996, the chancellor set Ms. Hunter’s contempt motion and both motions to withdraw for status review on January 8, 1997. After the status conference, the chancellor issued an order setting Ms. Hunter’s contempt motion for trial on January 23, 1997, as well as an order for Smith to show cause as to why his original petition to establish heirship should not be dismissed with prejudice for lack of prosecution.
¶ 7. On January 23, 1997, Smith filed a second motion for a blood test, along with a motion for continuance, approximately one-half hour before the scheduled hearing. Finding that Smith had failed to comply with the court’s order to return estate *443 property, had been adequately informed that his pleadings to establish would be dismissed with prejudice if he failed to comply with the court’s order to return the estate property, and had failed to show such cause on the date set for such showing, the chancellor ordered Smith’s petition dismissed with prejudice for lack of prosecution unless Smith complied with the court’s order to return the estate property by February 27, 1997 and personally appear before the trial judge to satisfy that court that he was in compliance with the court’s order. On February 27, 1997, Smith filed a motion to continue, indicating that he was in compliance with the chancellor’s order and that he was in ill health and unable to travel to Mississippi from his home in California for a personal appearance. The chancellor overruled the motion for continuance, and he dismissed with prejudice Smith’s petition to establish heirship. In addition, the chancellor allowed both of Smith’s attorneys to withdraw from representing him.
¶ 8. As a result of the chancellor’s actions, Smith perfected this appeal.
STANDARD OF REVIEW
¶ 9. The standard of review employed by this Court in reviewing actions of a chancery court is abundantly clear. Chancellors are vested with broad discretion, and this Court will not disturb the chancellor’s findings unless the court’s actions were manifestly wrong, the court abused its discretion, or the court applied an erroneous legal standard. Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997); Johnson v. Johnson, 650 So.2d 1281, 1285 (Miss.1994); Crow v. Crow, 622 So.2d 1226, 1228 (Miss.1993); Gregg v. Montgomery, 587 So.2d 928, 931 (Miss.1991). However, we will not hesitate to reverse should we find that a chancery court was manifestly wrong, abused its discretion, or applied an erroneous legal standard. Glass v. Glass, 726 So.2d 1281 (¶ 11) (Miss.Ct.App.1998) (citing Bowers Window & Door Co., Inc. v. Dearman, 549 So.2d 1309 (Miss.1989)).
ANALYSIS AND DISCUSSION
I. WHETHER MICHAEL DAVID SMITH IS THE NATURAL SON OF JOE D. HUNTER, DECEASED
¶ 10. As his first issue, Smith wants this Court to declare that he is the natural son of the deceased, Joe D. Hunter based on evidence Smith claims to have presented at trial. As this issue is unripe for our consideration, we decline to address it here. This Court only considers matters on appeal that were considered by the lower court. Ditto v. Hinds County, 665 So.2d 878, 880 (Miss.1995) (citing Terry v. Superintendent of Education, 211 Miss. 462, 463, 52 So.2d 13, 13 (1951)).
¶ 11. The chancellor made no findings whatsoever with regard to the merits of Smith’s claims to be the illegitimate issue of Joe D. Hunter. There was never a trial to determine if Smith was indeed the issue of the deceased. While there were pleadings filed by both parties and some discovery conducted, Smith’s alleged consanguineous relationship with Joe D. Hunter was never addressed by the chancellor. Accordingly, we do not address this issue.
II. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING THE TELEPHONE TESTIMONY OF MICHAEL DAVID SMITH’S MOTHER, NELLIE MAE SMITH CLEWIS
¶ 12. Smith’s second complaint alleges that the chancellor erred in overruling his motion to have his mother, Nellie Mae Smith Clewis, testify by telephone. At a hearing on this motion, the chancellor took testimony from Smith where he testified that his mother was in poor health due to diabetes, hypertension, and a nervous condition. Ms. Clewis, according to Smith, was seventy-four years old and a resident of Tucson, Arizona. Smith produced no other documentation or testimony supporting his motion. After the hearing, the trial court overruled Smith’s motion, noting that there were other options available *444 to Smith under Rule 43 of the M.R.C.P. to obtain Ms. Clewis’s testimony.
¶ 13. The allowance of telephonic testimony in lieu of personal appearance is in the sound discretion of the trial court. Byrd v. Nix, 548 So.2d 1317, 1319 (Miss.1989). Since there were other reasonable means available to Smith to secure the testimony of Ms. Clewis, the chancellor did not abuse his discretion in disallowing the telephonic testimony. Accordingly, we overrule Smith’s assignment of error in this regard.
III. WHETHER MICHAEL D. HUNTER IS THE RIGHTFUL OWNER OF THE 1984 CADILLAC DE-VILLE WHICH WAS A GIFT TO HIM BY THE DECEDENT, JOE D. HUNTER BEFORE THE DEATH OF THE DECEDENT
1114. Third, Smith would have us declare that he was the rightful owner of the 1984 Cadillac, based on his testimony, at a hearing on a motion filed by Ms. Hunter to compel Smith to return the vehicle. Also, Smith, with his motion to continue filed on February 27, 1997, produced a bill of sale, labeled in the record as Exhibit # 1, allegedly indicating that the decedent gave the 1984 Cadillac to Smith in 1989. However, this bill of sale was never addressed by the chancellor in his final order dismissing with prejudice Smith’s original petition to establish heir-ship. It is also noteworthy that Smith did not mention a bill of sale during the motion hearing by Ms. Hunter seeking to compel his return of the 1984 vehicle. On the morning of the final hearing when the document was produced, Ms. Hunter’s counsel objected on the basis of relevance and timeliness, and the trial court sustained the objection.
¶ 15. Smith had several opportunities to present this bill of sale for the chancellor’s consideration. However, it was not until the last day at the last hour that Smith saw fit to present this alleged evidence of ownership of the 1984 vehicle for the trial court’s consideration. The chancellor refused to consider the bill of sale. Based on Smith’s gross tardiness in presenting the bill of sale, and the chancellor’s finding in October that the vehicles in question were estate property, we cannot say the chancellor abused his discretion in not considering the bill of sale. Accordingly, we overrule this assignment of error.
IV. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED WITH PREJUDICE MICHAEL DAVID SMITH’S PETITION TO ESTABLISH HEIR-SHIP AND OTHER RELIEF AS A SANCTION FOR HIS FAILURE TO RETURN THE 1984 CADILLAC DE-VILLE TO THE ADMINISTRATRIX OF THE ESTATE OF JOE D. HUNTER PURSUANT TO THE TRIAL COURT’S ORDER
¶ 16. As his final issue, Smith alleges that the chancellor abused his discretion in dismissing with prejudice his petition to establish heirship as a sanction for his failure to return the 1984 Cadillac to the administratrix of Joe D. Hunter’s estate. Smith maintains that he presented sufficient evidence to the trial court to establish that the 1984 Cadillac had been given to him as a gift by the decedent., Ms. Hunter contends that Smith’s failure to comply with the court’s order to return the estate property, coupled with his failure to provide any evidence in support of his consanguineous relationship with Smith over the life of the petition, was sufficient for the chancellor to have dismissed the heirship petition with prejudice.
¶ 17. The chancellor enjoyed the authority to dismiss with prejudice Smith’s petition under M.R.C.P. 41(b), which allows for involuntary dismissal of claims. The pertinent part of the rule states:
For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.
*445 “The power to dismiss for failure to prosecute is inherent in any court of law or equity, being a means necessary to the orderly expedition of justice and the court’s control of its own docket.” Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986) (citation omitted). However,
The law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly. There is no set time limit for the prosecution of an action once it has been filed, but where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld.
Watson v. Lillard, 493 So.2d at 1279 (citations omitted). More recently, the supreme court has reiterated the disfavor of such a harsh sanction. American Telephone & Telegraph Co. v. Days Inn of Winona, 720 So.2d 178, 180-81 (Miss.1998). Thus, while the chancellor had the authority to dismiss Smith’s petition as a sanction for failing to prosecute and abide by the trial court’s orders to return the vehicles in question, such a harsh sanction is greatly disfavored.
¶ 18. In the case sub judice, it is clear that Smith did not abide by the trial court’s specific and repeated orders to return the vehicles in question to the admin-istratrix of the estate. Further, as evidenced by Smith’s attorneys of record seeking to withdraw from representing him in this matter, Smith was apparently not diligent in pursuing his claim of heir-ship to Joe B. Hunter, but Smith did seek discovery, and he answered discovery propounded by Ms. Hunter. However, based on the record before us, the dispositive issue for the chancellor came when, on February 27, 1997, the day of the final hearing, Smith, by counsel who had previously sought to withdraw due to his lack of cooperation, filed a motion to postpone the hearing at which he had been ordered to appear to show cause why he had not complied with the court’s order to return the estate property. Smith’s excuse for not attending the hearing was illness, his inability to travel from California, and his partial compliance with the trial court’s dictate to return the estate property in question.
1119. Understandably, the chancellor was displeased with Smith’s failure to abide by the court’s previous orders. Further, the chancellor gave Smith ample notice of the result of his failing to fully comply with the chancellor’s order to return the estate property and for failing to personally appear on February 27, 1997. However, there were other sanctions available which the chancellor could have employed short of dismissal with prejudice of Smith’s heir-ship petition. Given the preference for merit-based dispositions of disputes, we believe the chancellor abused his discretion in dismissing with prejudice the petition to establish heirship. Accordingly, we reverse and remand for further action by the trial court.
¶ 20. THE JUDGMENT OF THE CHANCERY COURT OF CLARKE COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE TAXED ONE-HALF AGAINST THE APPELLANT AND ONE-HALF AGAINST THE APPEL-LEES.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND THOMAS, JJ., CONCUR.

. This motion was withdrawn by Smith, according to an order filed by the chancellor on October 23, 1996.