## ROWAN MILLER *v.* PEEPLES & BRANUM.

SUPREME COURT. *Practice. Agreed record. Authentication thereof. Rule 4.*
Rule four of this court is as follows : " By agreement of parties, or their attorneys,
made in writing and attested by the clerk of the court in which any cause
may be pending or record existing (which agreement shall be filed and made
part of the transcript of such record), such parts of the record and proceed-
ings as shall be so agreed shall constitute the transcript of the record to be
brought to this court, and shall be certified as such, and be considered a full
transcript in this court for the consideration and final adjudication of the
cause here." It is not a sufficient compliance with this rule that it is agreed
that the copies of certain judicial proceedings shall be filed in this court "and
treated as a full and perfect transcript of the record " in the case ; and that
the clerk of the lower court shall certify, in due form, that counsel appeared
before him "and acknowledged the execution of the foregoing agreement as
to the transcript of the record on appeal in said cause, and I do hereby
attest and authenticate the same." The certificate of the clerk should show that
the agreed transcript is the transcript of a corresponding part or parts of the
record of the case in his office.

MOTION to file and docket a record herein.

The case presented by the motion is fully stated in the
opinion of the court.

*L. Brame*, for the motion.

No counsel, *contra.*

COOPER, J., delivered the opinion of the court.

This is an application to file and docket a record in this case,
the clerk of this court having declined to file the papers pre-
sented as the record. They are now submitted to the court by
counsel for the appellant, as constituting a sufficient record
under rule four which is as follows : " By agreement of parties
or their attorneys, made in writing and attested by the clerk
of the court in which any cause may be pending or record
existing (which agreement shall be filed and made a part of
the transcript of such record), such parts of the record and
proceedings as shall be so agreed shall constitute the transcript
of the record to be brought to this court ; and shall be certi-
fied as such and be considered a full transcript in this court
for the consideration and final adjudication of the cause here."

The record now presented contains what purport to be copies of papers, proceedings, judgments, and orders of the lower court, together with a bill of exceptions, containing all the testimony offered on the trial in that court. Attached to these appears an agreement signed by the counsel of both parties that the same shall be filed in this court, " and treated as a full and perfect transcript of the record in this case, appellees waiving citation and petition for appeal and all like informalities, and hereby entering their appearance in said case." The authentication consists of a certificate by the circuit clerk under the seal of said court as follows: " Personally appeared * * * L. Brame and J. B. Harris, counsel for plaintiff and defendants respectively, in the above entitled cause lately pending in the Circuit Court of the First District of Hinds County, and acknowledged the execution of the foregoing agreement as to the transcript of the record on appeal in said cause, and I do hereby attest and authenticate the same."

The object of the rule is to prevent unnecessary costs and labor in preparing a record for this court, by relieving the appellant, with the consent of the appellee, from the necessity of preparing a full transcript, when the point to be decided here may be presented by a consideration of a part only of the record as it remains in the lower court. It is, however, still required that the transcript shall be of a part at least of a record remaining in the lower court, and certified as such by the clerk of the court in which it remains. It is not sufficient that the parties or their counsel agree that certain papers shall be considered and treated as a record; it is necessary for the clerk of the lower court to certify that the transcript, as far as it goes, is a transcript of the record remaining in his office. The agreement of counsel can neither create a record nor take the place of the authentication by the proper officer; it can only serve as a sufficient explanation of the omission of some part of the record.

Motion denied.