# MOORE *et al. v.* WHITE.

(Division B. October 26, 1931.)

[137 So. 99. No. 29546.]

Robert Burns, Jr., F. W. Bradshaw and Flowers, Brown & Hester, all of Jackson, for appellants.

Franklin, Easterling & Rosenthal, of Jackson, for appellee.

Briefs of counsel addressed to merits of appeal and not to points decided by the court.

Griffith, J., delivered the opinion of the court.

On January 22, 1929, appellee, J. C. White, being the owner of certain land not here necessary to describe, conveyed the said land to T. W. Moore in consideration of one dollar cash in hand and of two notes for one thousand dollars each, and of the further consideration as expressed in the following words copied from the conveyance deed: "It is expressly understood and agreed that there is a deed of trust on said land and other lands, the said deed of trust being executed by J. C. White to the Federal Land Bank of New Orleans, and that T. W. Moore, the grantee, herein, hereby assumes and agrees to pay the same and to release the grantor therefrom." And there is a concluding paragraph in the deed reading as follows: "The vendors lien is retained until the purchase money has all been paid and as cumulative security the grantee has this day executed a deed of trust on said land securing the payment of said notes and indebtedness."

Afterwards, and on July 25, 1930, appellee exhibited his bill of complaint against said Moore and others, wherein the facts and circumstances surrounding the said transaction were set out at some length, and particularly therein it was alleged that, by the above-quoted clause in the said deed in respect to the assumption of the federal farm loan by said Moore and the release of appellee therefrom, it was understood that said Moore would im-

mediately pay off said loan, or at least that he would do so in a reasonably short time. The bill further alleged that said Moore, in accordance with said understanding, had, immediately following the execution of said deed, endeavored to obtain the money with which to pay said federal farm loan and to procure the cancellation thereof, but, having failed so to do, said Moore, and those claiming under him, had later taken the position that the quoted stipulation in said deed obligated the grantee to pay off the said federal farm loan only as the several annual installments or partial payments thereon became due and payable, and that this was the extent of the grantee's obligation in said matter.

The relief prayed in the said bill was that the vendor's lien retained by appellee, the grantor, be foreclosed, on the ground that the said farm loan, amounting to five thousand dollars, the payment of which had been assumed, had not been paid in full by Moore, and that more than a reasonable time had elapsed; thus, according to the contention of appellee, causing the purchase money to the extent of said federal farm loan to be past due and exigible, although it was admitted that the installments of principal and interest on said federal loan had been paid by Moore as each of said installments had become due.

A demurrer was interposed by appellants, which demurrer was by the court overruled, and an interlocutory appeal was allowed "for the purpose of having the principles of the case decided," as the decree reads.

It has been mentioned that in the concluding paragraph of the conveyance deed there is the recital that as cumulative security Moore "has this day executed a deed of trust on said land securing the payments of said notes and indebtedness." The bill of complaint contains the averment that "the said T. W. Moore and wife then and there executed the deed of trust therein referred to, which is of record in the office of the chancery clerk in

Book 13, page 197." But the deed of trust was not exhibited with the bill, and consequently was not before the chancellor in the hearing and consideration of the demurrer.

After the record of the interlocutory appeal had reached this court, and, indeed, after the case had been submitted to this court on briefs, the parties have filed in this court a stipulation by which they agree that the said deed of trust dated January 22, 1929, and recorded in Book 13, page 197, "shall become a part of the record in this cause and be considered as an exhibit to the original bill of complaint," and a copy of said deed of trust is annexed with said stipulation. In the said deed of trust, now for the first time shown, we find this paragraph in respect to the issue here involved: "There is a Federal Land Bank deed of trust on said land executed by J. C. White, which the said T. W. Moore has assumed and agreed to pay and if any part thereof becomes past due and unpaid the indebtedness herein secured shall thereby become due and payable immediately."

It will be at once perceived that the quoted language in the deed of trust, executed contemporaneously with the deed of conveyance, has a material bearing upon the issue sought to be litigated between the parties—throws some light upon the question whether the federal farm loan was to be paid in full immediately or in a reasonably short time, as contended for by appellee, or whether it was to be paid as the installments of principal and interest became due, as contended for by appellants. We do not know what the chancellor would have considered or would have held had he had before him this additional document and the recitals thereof which are now sought to be put in the record by the aforementioned stipulation; but we do know that we cannot consider and act upon a material matter here which the record shows the chancellor did not have before him and in respect to which he had no opportunity to judge.

The agreement of counsel cannot create a record on appeal. Miller v. Peebles, 60 Miss. 45, 46. Parties cannot by stipulation make a record, or add to a record so as to render it materially different from that which was before the trial court, or, to state the rule in other words, the record cannot be made by agreement so as to include a material matter not before the trial court. 4 C. J., pp. 173, 562; 2 Ency. Pl. & Pr. 305; 2 Stand. Ency. Proc. 345; Elliott, App. Proc., sec. 187 et seq. The foregoing rule is essential for three reasons: (1) The Supreme Court has no original jurisdiction upon appeal, and has therefore no power to consider upon the merits any material fact or facts not brought before the trial court; (2) the trial judge should not, and therefore cannot, be put in error in respect to material facts not in the record as the same was presented before him; and (3) the parties are entitled as a matter of constitutional right to the opinion and judgment of the trial court on all the facts that are to be brought into review. This latter right has a striking illustration in the fact that, if the judges of the Supreme Court should be evenly divided on a determinative question, the judgment of the trial court controls.

It follows that we cannot consider on review the additional material matter attempted to be imported into the record by stipulation. The additional matter does disclose, however, that there were material facts, standing in the deed records and easily accessible, and which should have been exhibited with the original bill or else in an answer, which, if and when shown to the court upon the court record, may have an important bearing upon the settlement of the principles of the case. It reveals that there is no present occasion to be considering the original bill in the attempt to settle all the controlling principles of the case, when there is now uncovered to us an additional matter taken from the deed records, which, if brought before the chancellor when he heard the

demurrer might have changed his opinion, and which might change his opinion in the further consideration of the case when later brought before him, regardless of what we might say now on the record as it originally stood before him, and as it now stands before us. There is thus here simply another of the numerous cases brought here on interlocutory appeal to settle the principles of the case, when subsequent events reveal that the appeal would not and could not settle all the controlling principles, but is only an inadmissible presentation in piecemeal—not at all within the purposes of the statute in respect to interlocutory appeals.

Appeal dismissed.