# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-01004-SCT

*JONATHAN HARDIN*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/27/96 |
| TRIAL JUDGE: | HON. C. E. MORGAN, III |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ROGER W. WILLIAMS |
| DISTRICT ATTORNEY: | KEVIN HORAN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/08/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/31/97 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

This appeal arises from the denial of Mr. Hardin's motion for post-conviction relief by the Circuit Court of Winston County on August 27, 1996. The circuit court denied the motion based on the motion itself and the transcript of the sentencing proceedings, as there was no evidentiary hearing conducted. We agree there is no doubt that there is any validity to either claim, and therefore Hardin is not entitled to an evidentiary hearing and the judgment of the trial court is affirmed.

Mr. Hardin was indicted on two separate counts, Count I: Rape pursuant to Miss. Code Ann. § 97-3-65 (1) and Count II: Aggravated Assault pursuant to Miss. Code Ann. § 97-3-7 (2) (a). On November 10, 1995, Hardin appeared with retained counsel before the Circuit Court and entered a plea of guilty to the charges of sexual battery and aggravated assault. After a thorough exchange between the Court and Hardin, the Court found the plea to be freely and voluntarily given, and that

there was a factual basis for the plea, therefore Hardin's guilty plea was accepted by the Court. Hardin was sentenced by an order dated November 10, 1995, to a term of thirty years for sexual battery and five years for aggravated assault, with said terms to be served consecutively at the Mississippi Department of Corrections.

Hardin's motion for post-conviction relief filed on July 9, 1996, claiming that his guilty plea was involuntarily entered as result of his attorney's ineffective assistance of counsel, was denied by Judge Morgan on August 27, 1996. It is from that order that Mr. Hardin appeals.

## STATEMENT OF THE LAW

## I. INVOLUNTARINESS OF THE GUILTY PLEA

In order for a guilty plea to truly be voluntary, the defendant must have been informed of all the consequences as set out under Rule 8.04 of the Uniform Rules of Circuit and County Court Practice. This rule states in pertinent part:

> *Advice to the Defendant.* When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
>
> a. That the accused is competent to understand the nature of the charge;
>
> b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;

URCCC 8.04(A)(4)(a)&(b).. This Court has explained that a defendant must be informed of all relevant facts and circumstances in order to make a voluntary, intelligent, informed decision where a plea of guilty can be enforced. *Vittitoe v. State*, 556 So. 2d 1062 (Miss. 1990). This required information includes the consequences in the sentencing phase that might result from the guilty plea. *Schmitt v. State*, 560 So. 2d 148, 153 (Miss. 1990) (*quoting* **Gilliard v. State,** 462 So. 2d 710, 712 (Miss. 1985)).

Hardin claims that his guilty plea was involuntary because, as he alleges, he was not fully advised as to the effect and consequences of the penalty of the sexual battery charge against him, namely that his sentence would be required as "calendar years" as opposed to "thirty years." Hardin relies on *Vittitoe v. State* and Rule 8.04 of the Uniform Criminal Rules of Circuit and County Court Practice for the proposition that his guilty plea is unenforceable. In *Vittitoe*, this Court held that guilty pleas made with ignorance of a mandatory minimum sentence are unenforceable. 556 So. 2d at 1065. Hardin asserts that he was unaware that he would have to serve the sentence for sexual battery without the possibility of parole or probation, that his sentence required "calendar years" as opposed to "thirty years."

This argument would have merit if the transcript of entry of his guilty plea did not reveal otherwise. However, based on the following excerpts from that transcript, it is clear that Hardin's assertion is without merit.

BY THE COURT: Did you explain to him the elements of the crime, the crimes for which he is

charged, what the State would have to prove in order to convict him of theses charges, and what possible defenses he might have?

BY MR. BURDINE: Yes, sir; I did.

BY THE COURT: Did you explain to him the minimum and maximum sentence available on each charge?

BY MR. BURDINE: I did, Your Honor.

BY THE COURT: Do you think his change of plea here today is a free and voluntary act on his part?

BY MR. BURDINE: Yes, sir; I do.


BY THE COURT: All right, do you understand the related offense of sexual battery -- it is my understanding that you don't intend, that your intention is not to plead to rape but to sexual battery and aggravated assault; is that correct?

BY MR. HORAN: That's right.

By MR. BURDINE: That's correct.

BY THE COURT: Is that your understanding, Mr. Hardin?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: All right, do you understand that there is no minimum sentence for the sexual battery charge, but there is a maximum of thirty years?

BY THE DEFENDANT: Yeah.

BY THE COURT: Do you understand that nobody can guarantee you any early release, probation or parole in this matter? As a matter of fact, you will not be eligible for that, and that if you-- whatever sentence you receive, you will have to serve a day for a day or a full term for it. Do you understand that?

BY THE DEFENDANT: Yes, sir.

After Hardin's guilty plea was accepted by the court, but at the same hearing, the following exchange occurred that is relevant to this appeal:

BY MR. HORAN: Your honor, during the course of plea negotiations, I talked with Mr. Burdine about the fact that this was a sex crime, and the law changed in 1993, that unless the parole law is changed some way in the future, that they will be, in fact, calendar years as to the thirty years. There is some question as to the five years on the aggravated assault that are consecutive. I think for the record I would to ask Mr.--

BY THE COURT: Because of the nature of the crime, and I think I did ask him that. I think I did that, Mr. Horan.

BY MR. HORAN: Oh, did you?

BY THE COURT: Mr. Hardin, you understand that the thirty years is likely without any, without any reduction of sentence, that you would have to serve the whole thirty years?

BY THE DEFENDANT: Yes.

BY MR. BURDINE: Mr. Hardin--

BY THE COURT: --And the five years - excuse me, Mr. Burdine. The five years may be subject to some reduction in that sentence.

BY MR. BURDINE: Did you understand what the Judge just said?

BY THE DEFENDANT: Yeah.

BY MR. BURDINE: On the record would you affirm that we did, we have discussed that prior to coming before the Court?

BY THE DEFENDANT: Yes.

BY THE COURT: He stated yes.

BY THE DEFENDANT: Yes.

BY THE COURT: Okay, that will be the sentence of the Court.

The lower court properly denied Hardin's claims based on this transcript. Although there is not a per se rule that prohibits collateral attack on the voluntariness of a plea based solely on the transcript, "'Solemn declarations in open court carry a strong presumption of verity.'" ***Baker v. State***, 358 So. 2d 401, 403 (Miss. 1978) (*quoting **Blackledge v. Allison***, 431 U.S. 63 (1977)). "There should be a strong presumption of validity of anyone's statement under oath." ***Mowdy v. State***, 638 So. 2d 738, 743 (Miss. 1994). In accordance with the above excerpted statements from the transcript, it is clear that Hardin was well aware of the sentence which he faced. In addition, other than trying to confuse this Court as to what the transcript actually revealed, Hardin is unable to assert any independent facts that would support his claim.

He did try to supplement the record to add his Petition to Enter a Plea of Guilty , however this request was overruled. Hardin did not raise this issue on appeal but inserted the documents in an appendi to his brief. Even when looking at the Petition, there is no independent support for his allegation that he was unaware of the recommended sentence. Also, Hardin is mistaken that he was given a mandatory sentence. The time to be served is determined by Mississippi Code of 1972 which states, "Any person who shall have been convicted of a sex crime shall not be released on parole except for a person under the age of nineteen (19) who has been convicted under Section 97-3-67." Miss. Code Ann. § 47-7-3(1) (b) (Supp. 1997). Hardin even confirmed, on the record, that his attorney had previously informed him that he would not be eligible for parole with respect to the sexual battery conviction and sentence. This claim is without merit.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In order to establish an ineffective assistance of counsel claim, Hardin must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and adopted by this Court in *Stringer v. State*, 454 So. 2d 468 (Miss. 1984). Hardin must show: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Stringer,* 454 So. 2d at 477. This standard is also applicable in the present appeal because this Court has explained that challenges to guilty pleas, based on ineffective assistance of counsel, are to be evaluated under the same two-part test. *Coleman v. State*, 483 So. 2d 680, 683 (Miss. 1986); *Roland v. State,* 666 So. 2d 747, 750 (Miss. 1995) The defendant has the burden of satisfing both prongs of the test. *Edwards v. State*, 615 So. 2d 590, 596 (Miss. 1993).

The State asserts that Hardin failed to make any specific allegations of ineffective assistance of counsel in his motion for post-conviction relief. The judge also found that Hardin had not made any specific allegation as to the facts on which he alleged counsel's representation was ineffective. However, when reading the motion for post-conviction relief, although inartfully drafted, one could argue that Hardin did specifically allege a failure to investigate. In his brief, Hardin asserts that his retained counsel was deficient in that he 1.) failed to conduct an investigation into a possible defense prior to allowing him to plead guilty 2.) failed to ascertain that there was insufficient factual basis for the plea of guilty pursuant to the crime of rape, 3.) failed to object and allowed him to be convicted and sentenced on pleas of guilty that were not the product of his own accord and free will and 4.) failed to advise him of the penalty pursuant to Miss. Code Ann. § 47-7-3 (1)(a).

As to the alleged deficiencies numbered (3) and (4), they have been fully addressed and are entirely without merit. Hardin's eligibility for parole is controlled by Miss. Code Ann. § 47-7-3 (1)(b) and not (1)(a) as Hardin asserts in his brief. As to the alleged deficiency numbered (2), Hardin did not enter a guilty plea to rape but instead entered a guilty plea to the offense of sexual battery and aggravated assault. Furthermore, the transcript of the entry of the guilty plea reveals that Hardin did not disagree to any of the facts the State asserted as the basis for the charges. If there is no deficient performance, then there can be no prejudice to the defendant, and therefore no valid claim for ineffective assistance of counsel. The only assertion that requires further discussion is that counsel failed to investigate a possible defense to the crime of rape.

Even if it were true that counsel's performance was deficient in failing to investigate a possible defense to the crime of rape, Hardin was not prejudiced by it when he entered his guilty plea to sexual battery. This Court, quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), explained in pertinent part:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of trial....

*Mowdy*, 638 So. 2d at 742.

The basis for Hardin's allegation is not even in the record. Hardin tried to supplement the record with two affidavits. The trial court overruled his motion to supplement the record based on the fact that neither affidavit was in existence as of the date of the defendant's guilty plea. Regardless of this denial, Hardin attached these affidavits to his brief as an appendi. Since the affidavits do not appear in the record, this Court "'may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record.'" *Ditto v. Hinds County,* 665 So. 2d 878, 880 (Miss. 1995) (*quoting* ***Shelton v. Kindred***, 279 So.2d 642, 644 (Miss.1973)); *St. Louis Fire & Marine Ins. Co. v. Lewis*, 230 So.2d 580, 583 (Miss.1970) (statements of facts found within briefs of counsel will not be considered unless also shown by record); *Moore v. White*, 161 Miss. 390, 394, 137 So. 99, 100 (1931) (Court will not act upon material matters which chancellor did not have opportunity to judge).

Nevertheless, even if the affidavits should have been allowed to supplement the record since they had bearing on counsel's performance, they would not affect the decision that Hardin was not prejudiced by the alleged failure to investigate. The transcript of the entry of Hardin's guilty plea stated that Hardin was unsuccessful in his attempt to engage in sexual intercourse but he was successful in engaging in digital penetration of the victim's vagina as well as oral penetration. The State also based the aggravated assault charge on the fact that Hardin cut the victim's throat and stabbed her in the back. Hardin did not disagree with any of these facts. Sexual assault is a lesser included offense of rape and the facts as admitted by Hardin in open court are sufficient to establish such charge. If Hardin had proceeded to trial, even considering the affidavits , it is unlikely the outcome would have been different. Therefore, Hardin is unable to prove that, even if his counsel failed to investigate and interview this witness, this deficiency prejudiced him. Hardin did not receive ineffective assistance of counsel.

### III. EVIDENTIARY HEARING

Finally, Hardin claims that the circuit court should have conducted an evidentiary hearing concerning his claims. The relevant statute states, "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss. Code Ann. § 99-39-11 (2) (1994). This is exactly what the lower court followed when it denied the motion for post-conviction relief. Hardin's statements under oath completely refute his present allegations. The thoroughness with which Hardin was interrogated by the court when he entered his plea was the most significant piece of evidence for the circuit court to consider in denying his claim. This Court, explaining when an evidentiary hearing is required and when it is not, stated:

> We adhere to the principle that a post-conviction relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing *unless it appears beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Robertson v. State*, 669 So. 2d 11, 13 (Miss. 1996) (emphasis added) (*quoting* ***Harveston v. State***, 597 So. 2d 641, 643 (Miss. 1992)).

In the instant case, Hardin does not even present an affidavit in support of his claims, and his

previous statements in open court expose his present claims as nothing more than a "'sham', thus allowing the summary dismissal of the petition to stand." **Smith v. State**, 636 So. 2d 1220, 1224 (Miss. 1994) Hardin's allegation that he was not informed about his ineligibility for parole for the conviction of sexual assault is belied by the transcript of the entry of his guilty plea. The Court explained to him on two separate occasions that he would not be eligible for parole with respect to the sexual battery conviction and sentence, once before the plea was accepted by the court and once after the plea was accepted but during the same hearing.

This Court has quoted the United States Supreme Court, stating:

> What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and if its consequences. *When the judge discharges that function, he leaves a record **adequate for any review that may be later sought** ...* and forestalls the spin-off of collateral proceedings that seek to probe murky memories.

**Smith v. State**, 636 So. 2d at 1225 (emphasis original) (*quoting* **Wilson v. State**, 577 So. 2d 394, 397 (Miss. (1991) (*quoting* **Boykin v. Alabama**, 395 U.S. 238, 243-244 (1969)). In the case *sub judice* the trial judge did discharge his duty and left a thorough transcript which leaves no doubt as to the voluntariness of Hardin's guilty plea. Accordingly, Hardin is not entitled to an evidentiary hearing since he is not entitled to any relief.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**